**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4414**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

TRACIE YVETTE CLAY,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:14-cr-00261-WO-1)

———————————

Submitted: February 19, 2016        Decided: April 11, 2016

———————————

Before KING, DUNCAN, and HARRIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Robert Michael Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracie Yvette Clay pled guilty to two counts of health care fraud, in violation of 18 U.S.C. §§ 2, 1347(a)(2) (2012), and one count of money laundering, in violation of 18 U.S.C. §§ 2, 1957(a), (b) (2012). The district court calculated Clay's Guidelines range under the U.S. Sentencing Guidelines Manual (2014) at 70 to 87 months' imprisonment and sentenced Clay to 70 months' imprisonment. The district court also ordered that Clay pay $990,099.58 in restitution.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as issues for review whether the district court reversibly erred in accepting Clay's guilty plea and abused its discretion in imposing the 70-month prison sentence and the restitution sum. Clay was informed of her right to file a pro se supplemental brief, but she has not done so. The Government elected not to file a brief. We affirm.

Because Clay did not move in the district court to withdraw her guilty plea, the acceptance of her guilty plea is reviewed for plain error only. United States v. Williams, 811 F.3d 621, 622 (4th Cir. 2016); United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and

2

(3) the error affected her substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993).  In the guilty plea context, a defendant meets her burden to establish that a plain error affected her substantial rights by showing a reasonable probability that she would not have pled guilty but for the district court's Fed. R. Crim. P. 11 omissions. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Clay's guilty plea and that the court's omissions did not affect Clay's substantial rights.  The transcript also reveals that the district court ensured that the plea was supported by an independent basis in fact and that Clay entered the plea knowingly and voluntarily with an understanding of the consequences.  Accordingly, we discern no plain error in the district court's acceptance of Clay's guilty plea.  See United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991).

Turning to Clay's sentence, we review it for reasonableness "under a deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41, 51 (2007).  This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.  Id. at 51.

After determining whether the district court properly calculated the defendant's advisory Guidelines range and gave the parties an opportunity to argue for an appropriate sentence, we consider whether the district court considered the 18 U.S.C. § 3553(a) (2012) factors and any arguments presented by the parties, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of "significant procedural error," we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id.

In this case, the district court did not reversibly err in calculating the Guidelines range and properly heard argument from counsel and allocution from Clay. The court explained that the 70-month prison sentence was warranted in light of Clay's history and characteristics, the nature of her offense conduct, and the need for the sentence to provide deterrence to criminal conduct and to protect the public from further crimes by Clay. 18 U.S.C. § 3553(a)(1), (2)(B)-(C). Clay does not offer any

4

grounds to rebut the presumption on appeal that her within-Guidelines sentence of 70 months' imprisonment is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in imposing the 70-month term.

Turning to the restitution order, Clay did not object to its imposition in the district court, and we therefore review it for plain error only. United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010). We have reviewed the record and conclude that the district court did not plainly err in ordering the restitution sum in this case. See 18 U.S.C. § 3663A(a)(1), (c)(1)(B) (2012); United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999).

Finally, in accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny Clay's motion to appoint counsel. This court requires that counsel inform Clay, in writing, of the right to petition the Supreme Court of the United States for further review. If Clay requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clay.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED